JAMES B. CHRISTIE, Appellant, *v.* CERRO DE PASCO
COPPER CORPORATION, Respondent.

*Master and servant — contract — agreement of master to provide servant
with safe dwelling while resident in foreign country — complaint dis-
missed in action to recover for personal injuries from fall caused by
breaking of railing.*

*Christie* v. *Cerro de Pasco Copper Corp.*, 214 App. Div. 820, affirmed.
(Argued May 26, 1926; decided July 9, 1926.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the second judicial
department, entered August 18, 1925, unanimously
affirming a judgment in favor of defendant entered upon
a dismissal of the complaint by the court at a Trial Term.
The action was to recover for personal injuries alleged to
have been sustained by plaintiff while in the service of
defendant, a New York corporation, in the Republic of
Peru. Plaintiff was injured through the breaking of
the rail of a veranda against which he was leaning. He
claimed to be entitled to recover in this State under a
contract by which defendant agreed to provide him with
a safe and suitable dwelling while in Peru.

*Joseph A. Fagnant* for appellant.

*Clifton P. Williamson* and *Edward W. Bourne* for
respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-
LIN, CRANE and ANDREWS, JJ. Absent: LEHMAN, J.

---

PLANT MANUFACTURING CORPORATION, Appellant, *v.*
HENRY RENNER et al., Individually and as Copartners,
under the Firm Name of RENNER & MARAS, Respond-
ents.

*Contract — principal and agent — action to recover on alleged contract
of 'agency — complaint dismissed on ground contract too indefinite,
speculative and vague.*

*Plant Mfg. Corp.* v. *Renner*, 214 App. Div. 606, affirmed.
(Argued May 27, 1926; decided July 9, 1926.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the first judicial

department, entered January 8, 1926, unanimously affirming a judgment in favor of defendants, entered upon a dismissal of the complaint by the court at a Trial Term. The action was to recover for an alleged breach of a contract of agency. The trial court dismissed the complaint on the ground that the alleged contract was too indefinite, speculative and vague and created no obligation.

*Louis W. Severy* for appellant.

*Henry M. Stevenson* and *Henry B. Culver* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

B. & B. TRUCKING, INC., Respondent, *v.* HOME FIRE AND MARINE INSURANCE COMPANY OF CALIFORNIA, Appellant.

*Insurance — notice — action to recover upon policy of fire insurance — insufficiency of notice of cancellation.*

*B. & B. Trucking, Inc.,* v. *Home F. & M. Ins. Co.,* 216 App. Div. 710, affirmed.

(Argued May 27, 1926; decided July 9, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 23, 1926, unanimously affirming a judgment entered upon an order of the court at a Trial Term setting aside a verdict in favor of defendant and directing a verdict in favor of plaintiff in an action to recover upon a policy of fire insurance. The defense was that the policy had been canceled before the loss occurred. The trial court held that the notice of cancellation was insufficient.

*Harold R. Medina* and *Leo Levy* for appellant.

*Chauncey E. Treadwell* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.